## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DAYRIN LEMOND ROBINSON** | § | |
| **TDCJ No. 1220907,** | § | |
| | § | |
| **Petitioner,** | § | |
| **v.** | § | **CIVIL ACTION NO.** |
| | § | |
| **NATHANIEL A. QUARTERMAN** | § | |
| **Director, Texas Department of** | § | **SA-07-CA-572 RF (NSN)** |
| **Criminal Justice, Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |

### Memorandum Opinion and Recommendation
### of United States Magistrate Judge

TO:  W. Royal Furgeson
        United States District Judge

Before me is petitioner Robinson's proposed petition for writ of habeas corpus challenging a disciplinary hearing (docket entry no. 2).  Petitioner Robinson is in the custody of the Texas Department of Criminal Justice's (TDCJ's) Connally Unit serving a forty year sentence for aggravated robbery.  *Texas v. Robinson*, No. F0371644-T (283rd Jud. Dist. Ct., Dallas County, Feb. 23, 2004). As required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, I have examined petitioner Robinson's habeas petition and find that it should be denied for failure to make a substantial showing of the denial of a federal right.

By previous written Order, I granted petitioner leave to proceed *in forma pauperis.*  I have jurisdiction to enter this Memorandum and Recommendation under 28 U.S.C. § 636(b) and the District Court's referral of all pretrial matters in this proceeding to me for disposition by order, or to aid in their disposition by recommendation where my authority is statutorily constrained.

## Procedural Background

On June 28, 2007, in disciplinary case 20070302660, petitioner Robinson was charged with offense code 24.1 "refusing to comply with grooming standards" – a Level 2 inmate violation. Petitioner Robinson was found guilty and he lost 30 days of good-time credit and 45 days of commissary and recreation privileges.

Petitioner Robinson argues TDCJ's disciplinary rules do not apply to him because he is unlawfully incarcerated,[1] and his due process rights were violated during the disciplinary hearing because he was excluded from the hearing, he did not receive the assistance of counsel substitute, and the evidence was insufficient because the charging officer did not testify at the hearing.  In support of his habeas petition, petitioner Robinson submitted an affidavit in which he complains about his meals, his living conditions, his segregation classification and that he is being denied access to the courts, in addition to general conclusory complaints about the disciplinary hearing.  On page 5 of his habeas petition, petitioner Robinson acknowledges that his step 1 grievance challenging the disciplinary proceeding remains pending before TDCJ authorities.

## Discussion

Petitioner Robinson has failed to exhaust his administrative remedies in this case because his step 1 grievance challenging the disciplinary proceeding remains pending.  His failure to exhaust his administrative remedies has denied the prison authorities  the opportunity to adequately address his complaints.   Accordingly, I recommend petitioner Robinson's habeas petition be denied as prematurely filed and for failure to exhaust administrative remedies.

---

[1]  According to his petition, petitioner Robinson filed a habeas petition in the Northern District of Texas collaterally challenging his aggravated robbery conviction.  *See Robinson v. Quarterman*, Case No. 3:07-cv-101.

Additionally, because petitioner Robinson has not lost a cognizable liberty interest there is no basis for his habeas corpus petition. A writ of habeas corpus is the appropriate federal remedy for a state prisoner challenging the fact of confinement. *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir.1994). However, claims involving the conditions of confinement and prison procedures are more properly brought under 42 U.S.C. § 1983. *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997). Thus, insofar as petitioner Robinson complains about his meals, his living conditions, his segregation classification and that he is being denied access to the courts, these claims are not cognizable in a habeas action and do not warrant habeas relief.

Disciplinary proceedings are reviewable through federal habeas corpus where the petitioner shows the disciplinary proceedings denied him a liberty interest protected by the Due Process Clause; typically such a protected liberty interest consists of lost good-time where the loss of good-time will effect the duration of the petitioner's sentence. *See Wolff v. McDonnell*, 418 U.S. 539, 556-58, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Though the loss of good-time credits may affect parole eligibility, the Fifth Circuit has held that because parole is discretionary under Texas law, there is no protected liberty interest in parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997). Furthermore, the record shows petitioner Robinson was convicted of aggravated robbery, and pursuant to Texas law Robinson is not eligible for mandatory supervision. *See* Tex. Code Crim. P. 42.18 § 8(c)(11) (Westlaw 1990) (*now codified as* Tex. Gov't Code § 508.149(a)(12) (Westlaw 2005) (prisoner convicted of aggravated robbery not eligible for mandatory supervision). Thus, Robinson's loss of good-time credits will not effect his sentence. Because petitioner Robinson has

not lost a protected liberty interest he has neither a habeas corpus or civil rights due process claim. *See Sandin v. Conner*, 515 U.S. 472, 483-87 (1995).

Petitioner Robinson's claims that he lost 45 days commissary and recreation privileges also fail to allege cognizable constitutional claims.  When a prisoner is lawfully incarcerated, he loses many of the rights and privileges that most citizens enjoy.  *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir.1997). The Fifth Circuit has held that cell restrictions and loss of commissary privileges are "merely changes in the conditions of [ ] confinement and do not implicate due process concerns." *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir.1997); *see also, Luken v. Scott*, 71 F.3d 192, 193 (5th Cir.1995) ("administrative segregation, without more, does not constitute a deprivation of a constitutionally cognizable liberty interest."); *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir.1999) ("Inmates have no protectable property or liberty interest in custodial classifications.").  Thus, petitioner Robinson's claims regarding his loss of commissary and recreation privileges should be denied.

### Recommendation

For the foregoing reasons, petitioner Robinson's petition for a writ of habeas corpus by a person in state custody (docket entry no. 2) should be denied with prejudice.

### Instructions for Service and Notice of Right to Object/Appeal

The United States District Clerk shall serve a copy of this Memorandum and Recommendation on all parties who have entered an appearance, by either (1) electronic transmittal to all parties represented by attorneys registered as a "Filing User" with the Clerk of Court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested.  Written objections to this Memorandum and Recommendation must be filed within 10 days after being served with a copy of

same, unless this time period is modified by the District Court.[2]  **Such party shall file the objections with the Clerk of the Court, and serve the objections on all other parties and the Magistrate Judge.**  A party filing objections must specifically identify those findings, conclusions or recommendations to which objections are being made and the basis for such objections; the District Court need not consider frivolous, conclusive or general objections.  A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the District Court.[3]  Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this Memorandum and Recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.[4]

       **SIGNED** on July 19, 2007.


                                 *Nancy Stein Nowak*

                                 NANCY STEIN NOWAK
                                 UNITED STATES MAGISTRATE JUDGE

---

[2]  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

[3]  *Thomas v. Arn*, 474 U.S. 140, 149-152 (1985); *Acuña v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir. 2000).

[4]  *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).